IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **MONKEYMEDIA, INC.** | § § | |
| Plaintiff, | § § | |
| v. | § § | CAUSE NO. 2:17-CV-0460-JRG |
| **SAMSUNG ELECTRONICS CO., LTD, et al.** | § § § § | |
| Defendants. | § | |

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Plaintiff MONKEYmedia, Inc. files this Motion to Compel Defendants to produce documents pursuant to Paragraph 3 of the Discovery Order [Dkt 20-1] regarding the Samsung Smart TVs and laptop/notebook computers ("Laptops") listed in Plaintiff's infringement contentions.

## I. INTRODUCTION

1. MONKEYmedia identified Smart TVs and Laptops as accused products in its Complaint. The list of Smart TVs and Laptops in its infringement contentions has remained the same. Each relevant claims chart has identified Smart TVs and Laptops as among the Accused Devices that play streaming media apps in much of the same manner as the charted devices. Samsung's discovery obligations include not only charted products, but also identified products operating in a similar manner.

2. MONKEYmedia has even repeatedly offered to agree to representative products for Laptops and Smart TVs (as it had on other categories), thereby dramatically reducing the discovery burden on Samsung. Samsung has refused at every turn and will not produce the discovery for these devices. Accordingly, MONKEYmedia asks that the

1

Court compel Samsung to produce discovery on Smart TVs and Laptops.

## II. FACTUAL BACKGROUND

3. Plaintiff's Complaint asserted infringement of three patents against two general categories of Samsung Devices: Blu-ray players playing Discs in an infringing manner, and Devices playing streaming media apps in an infringing manner. As to the '379 and '226 Patents, the Complaint alleges this latter category includes "devices, such as smart TVs…laptops, and other personal computers that are capable of playing Apps with streaming audio and/or visual content …" Complaint ¶¶12,15. The Galaxy Book laptop series and models of Smart TVs were identified as accused products (¶¶20, 22).

4. On September 6, 2017, before Defendants' answered, Plaintiff provided disclosures and infringement contentions pursuant to P.R. 3-1. The infringement contentions listed several series of Samsung Laptops and Smart TVs as Accused Devices that played streaming media apps. Plaintiff also provided representative claim charts for each Patent. For the '226 and '379 Patents, the representative for Accused Device charted for devices playing streaming media Apps was a Samsung Smart Phone. The claim charts referenced Smart TVs and Laptops as Accused Devices in the streaming media device category and made clear the charted Phone was representative of the other devices in this category. Plaintiff also made clear that discovery was needed to determine how the different devices technically accomplished the claim limitations.

5. On October 10, 2017, in response to a letter from Samsung's counsel about inconsistencies regarding infringement theories, Plaintiff served amended disclosures and corrected these errors. Samsung does not complain about these corrections. The lists of accused laptop computers and Smart TVs *did not change* and are

shown by the excerpt from the infringement contentions attached as Exhibit 1.[1]

6. Samsung's counsel also complained in the letter that the claim charts did not specifically chart all devices listed in the infringement contentions, such as Smart TVs or Laptops. Plaintiff explained again that Smart TVs and Laptops (which were identified as accused devices in the charts) practiced claims in essentially the same outward manner as Smart Phones and Tablets, but "the hardware and software (including source code) of the TV or Computer as well as their design specifications would need to be analyzed to determine exactly how the TV or Computer carries out the instructions embedded in the App or other Seamless Expansion Content."

7. Because there were numerous device models listed in the infringement contentions, Plaintiff asked to meet and confer about having a representative product for each type of device rather than Samsung having the burden of producing source code and technical documents for each listed model. Samsung did not respond to this request.

8. Two days later, the parties' counsel met in person about the status. Samsung did not dispute that the infringement contentions identified the Laptops and Smart TVs on Exhibit 1. Rather, Samsung argued the infringement contentions were limited to the exact model of Blu-ray player and exact model of phone shown in the representative Claim Charts (and to the exact media played). Plaintiff's counsel again explained the charted Blu-ray player was simply representative of the models listed in its infringement contentions (i.e. all models appeared to play in essentially the same manner, subject to review of source code and technical documents); and the charted phone was representative of the devices listed in its infringement contentions that played streaming

---

[1] As part of the meet and confer in April 2018 that is discussed below, the parties agreed that Plaintiff would limit its infringement arguments as to these devices to the '226 and '379 Patents and not pursue infringement of these devices based on the '158 Patent.

3

media apps in essentially the same manner (subject to review of source code and technical documents). However, to resolve Samsung's complaint, Plaintiff agreed to provide additional information in the claims charts as part of its additional disclosures.

9. As agreed, Plaintiff added basic information to the claim charts in its additional disclosures on October 25. For example, Plaintiff included charts of the '379 Patent and '226 Patents that charted the Samsung Blu-ray player/media player playing Netflix and noted the following in a footnote

> "It is also based on playing the Representative App … on a 55" Samsung Smart TV and 40" Samsung Tizen Smart TV … Similarly, Samsung Smart TVs having media player functionality as in the tested Samsung TVs listed above are believed to perform similarly with respect to the claimed methods to the extent they rely on the Opera or Tizen Platforms.
> …
> MONKEYmedia will also need to examine the hardware and software (i.e. source code), as well as the related framework and reference design documents of the Samsung Blu-ray Players and Smart TVs to determine exactly how they implement the instructions in the App with Seamless Expansion Content to perform the claimed methods.

10. Plaintiff also provided some additional information (primarily links to Samsung sites) about the Smart TVs and Blu-ray Players in the charts, but noted that most of the limitations were software-driven and "MONKEYmedia will need to examine the hardware and software (i.e. source code), as well as the related framework and reference design documents of the Samsung Device to determine exactly how the Device implements these instructions." Notably, Plaintiff did not change the models of laptop computers and Smart TVs shown on Exhibit 1 as Accused Devices, and the additions to the claim charts did not change the infringement contentions.

11. After Plaintiff agreed to provide more information to resolve Samsung's complaint about insufficiency, Samsung changed the focus of its objections from objecting to insufficient detail in the charts, to objecting that the October 25 claim charts

4

improperly amended Plaintiff's infringement contentions without leave of Court. Again, the infringement contentions did not change – they listed the same Laptops and Smart TVs shown on Exhibit 1, and the additions to the claims charts did not affect the scope of the infringement contentions. Plaintiff still needed to review the source code and other technical documents that had not yet been provided. Plaintiff also continued requesting that the parties confer about using representative products for production of source code and technical documents. These requests again went unheeded.

12. Counsel for the parties continued discussing this issue as well as Samsung's failure to produce numerous documents. For example, Samsung had not produced (and still has not produced) financial information and has only produced source code and very limited technical information for the Blu-ray Player model and smart phone model illustrated in the original Claim Charts. In April 2018, Plaintiff's counsel sent a lengthy letter to Samsung's counsel about Samsung's failure to produce numerous documents under the Discovery Order and about the issue of infringement contentions. Plaintiff's counsel repeated Plaintiff's position that the infringement contentions had not been amended for the reasons stated above. He requested that the parties meet and confer by April 25, 2018 about the infringement contentions and discovery issues, and also about using a representative product for each type of device.

13. Samsung never responded to this letter. It also did not respond to the request to confer by April 25, 2018. However, the parties finally conferred on May 8, 2018 and had a productive discussion. They agreed, among other things, that Samsung would start a rolling production of documents, that representative products would be used for Blu-ray Players, smart phones and tablets, and that the types of media would be Blu-

ray Discs for Disc Players and Amazon Video, Hulu, Pandora Radio, and Netflix for streaming media. Samsung's counsel agreed to reconsider the objection about Smart TVs and Plaintiff agreed to consider withdrawing Laptops as Accused Devices.

14. On May 14, Samsung informed Plaintiff that it would maintain its objection that Smart TVs were not originally charted, and the October 25 claim charts improperly amended the infringement contentions without leave of Court. For this reason Samsung is refusing to produce the required documents for the Laptops and Smart TVs listed in Plaintiff's infringement contentions in Exhibit 1.[2]

### III. ARGUMENT AND AUTHORITIES

15. Infringement contentions serve to give notice of "particular theories of infringement with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere language of the patent [claims] themselves." *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp. 2d 754, 755 (E.D.Tex. 2004). "It is well settled in the Eastern District that 'there is no brightline rule that discovery is permanently limited to the products specifically accused in a party's [infringement contentions].'" *DDR Holdings, LLC v. Hotels.com, L.P.*, No. 2:06-cv-42-JRG, 2012 WL 2935172, at *2 (E.D. Tex. July 18, 2012) (quoting *Honeywell Int'l, Inc. v. Acer Am. Corp.*, 655 F. Supp. 2d 650, 655 (E.D. Tex. 2009)) (alteration in original). A plaintiff need only "demonstrate that its [infringement contentions] gave [defendant] notice of a specific theory of infringement and that the products for which it seeks discovery operate in a manner reasonably similar to that theory." *Honeywell*, 655 F. Supp. 2d at 656.

---

[2] Plaintiff is still willing to confer with Samsung about using representative products for Laptops and Smart TVs (as agreed for other categories).

6

16. Here, MONKEYMedia expressly identified Smart TVs and Laptops in its Complaint, in its infringement contentions as shown in Exhibit 1 and as Accused Devices in its claim charts. It is undisputed that Samsung Laptops and Smart TVs, just like smart phones and tablets, play one or more of the streaming apps at issue. How these apps play on the different types of devices is dictated by the source code of the devices and MONKEYmedia needs to review the source code and technical documents of the devices. The scenario that claim charts can be supplemented after reviewing this material without being an amendment of infringement contentions is expressly contemplated by Paragraph 3(a)(i) of the Discovery Order. This same logic applies to the additions made by Plaintiff to the October 25 Claims Charts.

17. Samsung has known all along which models of Laptops and Smart TVs are accused by Plaintiff and the manner of infringement. Simply because Plaintiff agreed to add more detail to claim charts, does not mean Plaintiff improperly "amended" its infringement contentions. Samsung is stonewalling and should be required to produce discovery on these products.[3]

### IV. PRAYER

For the foregoing reasons, Plaintiff MONKEYmedia respectfully requests this Court to compel Samsung to produce the documents described above. Plaintiff further requests such other relief to which it may show itself to be justly entitled.

---

[3] In an abundance of caution, Plaintiff anticipates filing a Motion for Leave to Amend Infringement Contentions in the event the Court determines that Laptops and Smart TVs are not within the Accused Products and that the additional information added in in the October 25 claim charts on October 25, 2017 is an amendment of infringement contentions that requires leave of Court pursuant to P.R. 3-6(b). Samsung has stated it will oppose that motion.

Dated: May 22, 2018

Respectfully submitted,

By: */s/Steven D. Smit*
Steven D. Smit
State Bar ID No. 18527500
ssmit@gdhm.com
Matthew C. Powers
State Bar ID No. 24046650
mpowers@gdhm.com
William Christian
State Bar ID No. 00793505
wchristian@gdhm.com

GRAVES, DOUGHERTY, HEARON & MOODY, P.C.
401 Congress Avenue, Suite 2200
Austin, Texas 78701
(512) 480-5600 Telephone
(512) 480-5853 Telecopier

Claire Abernathy Henry
State Bar No. 24053063
E-mail: claire@wsfirm.com
Andrea L. Fair
State Bar No. 24078488
E-mail: andrea@wsfirm.com
WARD, SMITH & HILL, PLLC

ATTORNEYS FOR PLAINTIFF
MONKEYMEDIA, INC.

**CERTIFICATE OF CONFERENCE**

In compliance with Local Rule CV-7(h), Steve Smit and Claire Henry, lead and local counsel for Plaintiff, conferred with Mark Fowler and Melissa Smith, lead and local counsel for defendants, on May 8, 2018 by phone in a good faith attempt to resolve the matter without court intervention. The parties continued to discuss these issues via email correspondence on at least two more occasions. The parties could not an reach agreement because, despite on-going discussions and meet and confers for over two months, defendants are refusing to produce the requested documents. Discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

By:     /s/Steven D. Smit
Lead Trial Counsel for Plaintiff

By:     /s/ Claire Abernathy Henry
Local Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of May, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record for Defendants as follows:

| | |
|---|---|
| Brian Erickson | Mark Fowler (pro hac vice) |
| brian.erickson@dlapiper.com | mark.fowler@dlapiper.com |
| Jeffrey R Cole | Aaron Wainscoat (pro hac vice) |
| jeff.cole@dlapiper.com | aaron.wainscoat@dlapiper.com |
| DLA Piper LLP (US) | Erik R. Fuehrer (pro hac vice) |
| 401 Congress Avenue Suite 2500 | erik.fuehrer@dlapiper.com |
| Austin, TX  78701 | Jonathan Hicks (pro hac vice) |
| | jonathan.hicks@dlapiper.com |
| Melissa R. Smith | DLA Piper LLP (US) |
| melissa@gillamsmithlaw.com | 2000 University Avenue |
| State Bar No. 24001351 | Palo Alto, CA  94303-2215 |
| GILLAM & SMITH LLP | |
| 303 S. Washington Ave | |
| Marshall, Texas 75670 | |

          /s/Steven D. Smit

| Product | '158 Claims Infringed | Direct | Induce | '379 Claims Infringed | Direct | Induce | '226 Claims Infringed | Direct | Induce |
|---|---|---|---|---|---|---|---|---|---|
| **Samsung laptop computers -** Samsung laptop computers sold since March 2013 and laptop computers that otherwise allow for the simultaneous storage and playback of music, movies, videos, television shows, and other continuous play media content in conjunction with digital downloads (such as movies) and apps allowing for seamless expansion that are pre-loaded or can be downloaded from the Samsung App Store or other app stores such as Google Play Store or other websites. These include ATIV Notebook Series (including Notebook 7, 7 Spin, | **37, 40 (method claims)** (infringement depends on app or Digital Download and type of Seamless Expansion Content being played) **41 (method claim)** (infringement depends on App or Digital Download and type of Seamless Expansion Content being played when used with touch screen or voice control remote or other device that | Y Y | Y Y | 21-27 **(computer readable media claims** (infringement depends on app or Digital Download and type of Seamless Expansion Content being played when used with touch screen or voice control remote or other device that does not require pushing a button to access seamless expansion content)) | Y | Y | **1-6 (computer readable media claims** (infringement depends on app or Digital Download and type of Seamless Expansion Content being played) **7-12 (method claims** (infringement depends on app or Digital Download and type of Seamless Expansion Content being played) | Y Y | Y Y |

3007309.1

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 8, 9 and 9 Pro), Notebook Odyssey Series, Galaxy Book Series; Chromebook Series. | does not require pushing a button to access seamless expansion content) | | | | | | | | |
| **Product** | **'158 Claims Infringed** | **Direct** | **Induce** | **'379 Claims Infringed** | **Direct** | **Induce** | **'226 Claims Infringed** | **Direct** | **Induce** |
| **Samsung Smart TVs** - Smart TVs that allow for the simultaneous storage and playback of music, movies, videos, television shows, and other continuous play media content in conjunction with digital downloads (such as movies) and apps allowing for seamless expansion that are pre-loaded or can be downloaded from the Samsung App Store, Google Play Store or other websites through Samsung's "Smart | 37, 40 (method claims) (infringement depends on app or Digital Download and type of Seamless Expansion Content being played)  41 (method claim) (infringement depends on App or Digital Download and type of Seamless Expansion | Y  Y | Y  Y | 21-27 (computer readable media claims (infringement depends on app or Digital Download and type of Seamless Expansion Content being played when used with touch screen or voice control remote or other device that does not require pushing a button to access seamless expansion content) | Y | Y | 1-6 (computer readable media claims (infringement depends on app or Digital Download and type of Seamless Expansion Content being played)  7-12 (method claims (infringement depends on app or | Y  Y | Y  Y |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Hub" feature. These Smart TVs include the Samsung MU9000 series, MU8500 series, MU7500series, MU7000 series, MU6500 series, MU6300 series, Q65Q7F series, KU6250 series, KU6290 series, 9-Series KS9000, 8-Series KS8000, JS9000 Series, JS8500 Series, JU7500 series, HU9000 series, H7150 Series, H6400 Series, H6350 Series, F9000 Series, F8000 Series and other Smart TVs having the same or similar functionality with respect to the '226 and/or '379 patents. | Content being played when used with touch screen or voice control remote or other device that does not require pushing a button to access seamless expansion content) | | | | | | Digital Download and type of Seamless Expansion Content being played) | | |
| **Product** | **'158 Claims Infringed** | **Direct** | **Induce** | **'379 Claims Infringed** | **Direct** | **Induce** | **'226 Claims Infringed** | **Direct** | **Induce** |
| **Samsung Smart TVs having "Smart Interaction" technology -** | 37, 40, 41 (method claims) (infringement | Y | Y | 21-27 (computer readable media claims | Y | Y | 1-6 (computer readable media | Y | Y |

3

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Samsung Smart TVs having "Smart Interaction" technology that enables the viewer to operate the TV and access content (including, upon information and belief, Seamless Expansion content) without pushing a button, either through hand gestures or voice commands. These include Samsung F 7/8/9 series SMART TV | depends on app or Digital Download and type of Seamless Expansion Content being played) | | | (infringement depends on app or Digital Download and type of Seamless Expansion Content being played) | | | **claims** (infringement depends on app or Digital Download and type of Seamless Expansion Content being played)<br><br>**7-12 (method claims** (infringement depends on app or Digital Download and type of Seamless Expansion Content being played) | Y | Y |

4

3007309.1